**In re Shelley G. STONE, Debtor.**

**Shelley G. STONE, Plaintiff,**

**v.**

**VANDERBILT UNIVERSITY, Defendant.**

**Bankruptcy No. 393–05578.**
**Adv. No. 394–0191A.**

United States Bankruptcy Court,
M.D. Tennessee.

April 7, 1995.

Marilee M. McWilliams, Hendersonville, TN, for debtor/plaintiff.

Paul R. White, Nashville, TN, for defendant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether Vanderbilt University's post discharge collection action against the debtor violated the discharge injunction in § 524(a) of the Bankruptcy Code.[1] Vanderbilt did not violate § 524(a). The following are findings of fact and conclusions of law. FED.R.BANKR.P. 7052.

### I.

Debtor enrolled at Vanderbilt in September 1989. When he withdrew from the University during his second year, the balance on his student account was $5,145.98, which included tuition, "late payment" fees (mostly interest), nurse malpractice insurance, and lab fees.

After withdrawing, the debtor needed a transcript from Vanderbilt to complete an application to another institution. Vanderbilt refused to release a transcript unless debtor signed a promissory note for the balance on his account. On April 13, 1992, debtor executed a note to Vanderbilt for $6,093.88, plus interest. Debtor defaulted on the note.

On July 16, 1993, debtor filed a chapter 7 case. Vanderbilt was scheduled as a creditor. A discharge was entered on November 1, 1993.

Vanderbilt steadfastly maintains that its note was excepted from discharge by § 523(a)(8).[2] So confident is Vanderbilt, on April 4, 1994, it sued the debtor on the 1992 note in state court, precipitating this adversary proceeding.

---

1. 11 U.S.C. § 524(a) provides:

A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of any action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of a kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.
11 U.S.C. § 524(a) (1988 & Supp.1993).

2. 11 U.S.C. § 523(a)(8) provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend....
11 U.S.C. § 523(a)(8) (1988 & Supp.1993).

Debtor contends that Vanderbilt violated the discharge injunction in § 524(a) because the note was neither a loan "under any program funded in whole or in part" by Vanderbilt, nor an "educational benefit" within the contemplation of § 523(a)(8).

## II.

The predicate for a violation of the discharge injunction in § 524 is a discharged debt with respect to which collection action has been taken. A discharge under chapter 7 does not discharge an individual debtor of any student loan described in 11 U.S.C. § 523(a)(8).[3]

█ Section 523(a)(8) is self activating— unlike the "fraud" exceptions to discharge in §§ 523(a)(2), (a)(4), and (a)(6), a student loan can be nondischargeable without a judicial determination of nondischargeability during the bankruptcy case. *Compare* 11 U.S.C. § 523(c) & FED.R.BANKR.P. 4007. *See United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991); *United States v. Davis*, 142 B.R. 293 (S.D.Ind.1992). *See also* S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978).

The Court of Appeals for this Circuit interpreted an earlier version of § 523(a)(8) on facts similar to these in *Andrews University v. Merchant (In re Merchant)*, 958 F.2d 738 (6th Cir.1992).[4] The debtor in *Merchant* had a bank loan, guaranteed by the university, and direct assistance evidenced by promissory notes payable to the university. After graduation, the debtor defaulted, the univer-

sity satisfied the (guaranteed) bank loan, and the debtor filed chapter 7.

The debtor argued that neither obligation held by the university was an "educational loan" within the meaning of (former) § 523(a)(8). The Sixth Circuit disagreed adopting a broad definition for "loan" in (former) § 523(a)(8):

[A] contract whereby, in substance one party transfers to the other a sum of money which that other agrees to repay absolutely, together with such additional sums as may be agreed upon for its use. If such be the intent of the parties, the transaction will be considered a loan without regard to its form.

*Id.* at 741 (citations omitted). Citing *University of New Hampshire v. Hill (In re Hill)*, 44 B.R. 645 (Bankr.D.Mass.1984), the Sixth Circuit approved three factors to determine whether an extension of credit is a "loan" under (former) § 523(a)(8):

1) the student was aware of the credit extension and acknowledges the money owed;

2) the amount owed was liquidated; and

3) the extended credit was defined as a sum of money due to a person.

*In re Merchant*, 958 F.2d at 741 (citing *Hill*). The Sixth Circuit observed that the "'central issue in determining dischargeability is whether the funds were for educational purposes, not whether the funds constituted a loan.'" *Id.* at 741 n. 1 (quoting *In re Shipman*, 33 B.R. 80 (Bankr.W.D.Mo.1983)).[5]

---

**3.** Section 523(a)(8) contains two exceptions not relevant here. This debt is well within the seven year window of subsection (a)(8)(A), and this debtor has not sought a hardship discharge under subsection (a)(8)(B).

**4.** The bankruptcy case before the Sixth Circuit in *Merchant* was filed before the amendment of § 523(a)(8) by the Crime Control Act of 1990, Pub.L. No. 101–647, § 3621, 104 Stat. 4789 (1990). The Crime Control Act substituted *"for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless...."* for *"for an educational loan made, insured, or guaranteed by a governmental unit, or under any program funded in whole or in part by*

*a governmental unit or a nonprofit institution."* The Sixth Circuit has stated that the 1990 amendment enhanced the relevance of *Merchant* to determining the reach of § 523(a)(8). *In re Merchant*, 958 F.2d at 739 n. 1 (the amendment "strengthens the court's interpretation of Congress' intent"). *See also Najafi v. Cabrini College (In re Najafi)*, 154 B.R. 185 (Bankr.E.D.Pa.1993) (relying on *Merchant*, student account was both a loan and a student benefit within § 523(a)(8) as amended by the Crime Control Act).

**5.** *See Najafi v. Cabrini College (In re Najafi)*, 154 B.R. 185 (Bankr.E.D.Pa.1993) (in a post–1990 case, although there were no specific terms of repayment, tuition account was an "educational loan" and/or an "educational benefit" for purposes of § 523(a)(8). "We agree with the Debtor that it is difficult to characterize the instant as 'an obligation to repay funds.' No funds were

■ The 1992 note in this case was either a "loan" or an "educational benefit" within the scope of § 523(a)(8). Applying *Merchant*, the debtor does not deny the indebtedness; the amount claimed is liquidated; and the note proves an "amount due" Vanderbilt. It was a "loan" within § 523(a)(8). An "educational benefit" undoubtedly was conferred upon debtor at the expense of Vanderbilt. Debtor attended classes, participated as a student, was covered by nursing malpractice insurance, etc.

■ Because the note is a loan or educational benefit excepted from discharge by § 523(a)(8), the predicate for violation of the discharge injunction in § 524(a) is missing. Vanderbilt is entitled to summary judgment.

received by the Debtor from either Cabrini or any lending institution during the pertinent period. However, we cannot accept the Debtor's argument that his obligation to Cabrini should not be characterized as a debt 'for an educational benefit overpayment' made to him.... [T]here is no support for the Debtor's contention, ..., that § 523(a)(8) must be read narrowly. We believe that, ... the terms 'benefit,' 'overpay-

ment,' and 'loan' should be construed as a series of nouns, all modified by the adjective 'educational.' ... Clearly, the Debtor was the recipient of an 'educational benefit' from Cabrini. Therefore, we conclude that his debt, assuming *arguendo* that it could not be classified as an 'educational loan,' falls within the scope of § 523(a)(8).").