**In re Colleen J. NELSON, Debtor.**

**DAKOTA WESLEYAN UNIVERSITY,**
Appellant,

v.

**Colleen J. NELSON, Appellee.**

**Bankruptcy No. 94–40230.**
**Adv. No. 94–4021.**
**No. CIV 94–4271.**

United States District Court,
D. South Dakota,
Southern Division.

Sept. 27, 1995.

Dale A. Wein, Ronayne & Wein, Aberdeen, SD, for Appellant.

Patrick T. Dougherty, Johnson, Eklund, Nicholson, Dougherty & Abourezk, Sioux Falls, SD, for Appellee.

Charles Nail, U.S. Trustee, Sioux Falls, SD.

Craig P. Gaumer, U.S. Attorney's Office, Sioux Falls, SD, for Interested Party, U.S. Attorney.

MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

Dakota Wesleyan University appeals the judgment entered by the Bankruptcy Court in favor of Colleen J. Nelson, debtor and plaintiff in this adversary action, permitting her to discharge a debt owed to the University. The Court has jurisdiction to hear the appeal under 28 U.S.C. § 158(a), and the Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions de novo. *See Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987). For the reasons stated below, the Court affirms the judgment.

The essential facts are undisputed. Debtor attended the University from 1987 until 1991. At the conclusion of fall semester 1990, debtor had incurred charges on an open account with the University in the amount of $3,057.18 for tuition, room and board, course fees, and books and supplies. Debtor enrolled for courses in the spring semester of 1991, but she did not complete financial aid applications for the 1990–91 academic year until May 1991. Just prior to spring semester final exams, with no financial aid forthcoming, the University notified debtor that she could not take her exams unless she paid the charges outstanding on her account. Debtor did not pay the charges or take her exams. The University did not add any charges to debtor's account for the spring semester. In February 1992, debtor signed a "Payment Plan Application And Promissory Note" sent to her by the University, which stated that she owed $3,207.18 and which started monthly payments in the amount of $25.00 as of February 29, 1992. Debtor made four payments in the total amount of $150.00. In March 1994, the University obtained a default judgment against debtor in state court in the amount of $3,830.57 plus interest at the statutory rate and any costs and disbursements arising from execution.

Debtor filed this Chapter 7 petition in April 1994, and listed the University's judgment as unsecured debt. In July 1994, debtor filed an adversary action against the University seeking a declaration that the debt is dischargeable. Following trial in September 1994, the Bankruptcy Court ruled that the debt does not fit within an exception to dischargeability, *see* 11 U.S.C. § 523(a)(8), and entered judgment discharging the debt.

Title 11 U.S.C. § 523(a)(8) provides in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend[.]

 Under a plain reading of the statute, the first phrase in (8) "must be read as a whole so that § 523(a)(8) includes either an educational benefit overpayment or a loan." *Peller v. Syracuse University (In re Peller),* 184 B.R. 663, 669 (Bankr.D.N.J.1994) (declining to follow the strained reasoning in *Najafi v. Cabrini College (In re Najafi),* 154 B.R. 185 (Bankr.E.D.Pa.1993), that the word "educational" modifies each of the nouns "benefit," "overpayment," and "loan"). The tuition, room and board, and other services provided by the University to debtor cannot be categorized as an "educational benefit overpayment" or as a "loan." Just as in *Peller,* the University's choice to allow Nelson to continue to attend classes without signing a note or making payment cannot amount to a loan or an educational benefit overpayment. *See Peller,* 184 B.R. at 669; *Alibatya v. New York University (In re Alibatya),* 178 B.R. 335, 338–40 (Bankr. E.D.N.Y.1995); *In re Ellenburg,* 89 B.R. 258, 262–63 (Bankr.N.D.Ga.1988); *State of Missouri v. Shipman (In re Shipman),* 33 B.R. 80, 81 (Bankr.W.D.Mo.1983). Furthermore, even if debtor received an "educational benefit" from the University, neither the University nor any governmental unit provided funds to the debtor in order for her to obtain the educational benefit. *See Santa Fe Medical Serv. v. Segal (In re Segal),* 57 F.3d 342, 348 (3d Cir.1995) (rejecting reasoning of

bankruptcy court in *Najafi* that university's extension of credit to student is an "educational benefit" within § 523(a)(8) because bankruptcy court did not require extension of credit to be made pursuant to financial aid program funded by university); *Peller,* 184 B.R. at 669.

The Court concludes that *In re Merchant,* 958 F.2d 738, 740 (6th Cir.1992), is distinguishable from this case. In *Merchant,* a commercial bank provided the debtor with educational loans upon which she later defaulted. Andrews University, pursuant to a guaranty agreement, paid the bank, took assignment of the notes, and sought to collect from the debtor. The Sixth Circuit understandably held, under the former version of § 523(a)(8), that debtor's obligation to the bank on the promissory notes was funded, in part, by the university and, therefore, the loans were not dischargeable. *Id.* In this case, no loan funds changed hands. And even if the Court were to consider the "Payment Plan Application And Promissory Note" debtor signed in 1992 as establishing her debt to the University after the debt was incurred, the Court still would not hold that the debt was a "loan" or an "educational benefit" within the scope of § 523(a)(8), as held in *Stone v. Vanderbilt University (In re Stone),* 180 B.R. 499, 500–02 (Bankr. M.D.Tenn.1995). *Stone* adopts the flawed and unsupportable construction of § 523(a)(8) set out in *Najafi,* and therefore, the Court will not follow it. Accordingly,

IT IS ORDERED that the Judgment Discharging Debt of Dakota Wesleyan University is affirmed.