**In re John Robert COOLE, Debtor.**

**NEW MEXICO INSTITUTE OF MINING AND TECHNOLOGY, Plaintiff,**

v.

**John Robert COOLE, Defendant.**

**Bankruptcy No. 7–95–13182 RA.
Adv. No. 95–1272R.**

United States Bankruptcy Court,
D. New Mexico.

Oct. 4, 1996.

Alice Nystel, The Rodey Firm, Albuquerque, NM.

Gary Ottinger, Albuquerque, NM, for debtor.

## MEMORANDUM OPINION

STEWART ROSE, Bankruptcy Judge.

On cross motions for summary judgment and stipulated facts this Court determines that defendant's debt to plaintiff is discharged.

Defendant incurred charges with the plaintiff over four semesters for tuition, insurance, books, housing, and telephone expenses. Defendant paid a substantial portion of these charges with Veteran's Administration benefits, and a Pell Grant, but there remained a balance of approximately $10,000. Defendant signed a note with plaintiff for the charges. All of the charges were extensions of credit, but no funds were paid by the plaintiff to the defendant.

The plaintiff is a governmental unit. The debt was for educational purposes. There is no claim of hardship by the defendant. The debt is less than seven years old. Except for one issue this debt is clearly nondischargeable in all respects. That issue is whether this debt is a "loan" within the meaning of the statute.

The clear policy of Congress is to except educational loans, benefits and entitlements.[1] Nonetheless, not every debt is excepted from discharge. Congress drew a line between that which is nondischargeable and that which is not. The Court must determine this issue based on the plain language of the statute.[2]

---

**1.** The legislative history to 11 U.S.C. § 523(a)(8) finds that the provision was enacted to prevent abuses by students who "were declaring bankruptcy upon graduation solely for the purpose of discharging their obligations to repay their federally guaranteed loan, thus sticking the taxpayer with the bill for their education." 125 Cong.Rec. H. 2759 (daily ed. 1979) (remarks of Senator Mitchell). Additionally, the legislative history states "the long range effect of his bill will be to maintain the credibility and stability of the student loan program and assure that future generations of students will have a viable loan program available to them." S.Rep. No. 230, 96th Cong.,

1st Sess. 3 (1979), U.S.Code Cong. & Admin.News 1979, pp. 936, 937.

**2.** *See, e.g., Rake v. Wade,* 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993) (where statutory language is clear "sole function . . . is to enforce it according to its terms"); *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (plain language of Bankruptcy Code was determinant); *Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991) (plain language disposed of question); *U.S. v. Ron Pair Enterprises Inc.,* 489 U.S. 235, 109 S.Ct. 1026,

Section 523(a)(8) states that the debtor does not receive a discharge of a debt "for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, . . . ." 11 U.S.C. § 523(a)(8). This section identifies three categories of debts which were intended to be excepted from discharge. Reducing the statute to its simplest terms, these categories of debts are: 1) educational benefit overpayment, 2) a loan, or 3) an obligation to repay funds received.

This debt is not an educational benefit overpayment. Educational benefit overpayment occurs in programs like the GI Bill, where students receive periodic payments upon their certification that they are attending school. When a student receives funds but is not in school, this is a educational benefit overpayment. No facts supporting an educational benefit overpayment exist. Neither is this debt an obligation to repay funds received; no funds were received by the defendant from plaintiff. The only way plaintiff's debt can be nondischargeable is if it is a "loan" within the meaning of the statute.

The Bankruptcy Code contains no definition of the word "loan". This Court must use the plain meaning of the word "loan". The legal definition of loan set forth in Black's Law Dictionary is:

> **Loan.** A Lending. Delivery by one party to and receipt by another party of sum of money upon agreement, express or implied, to repay it with or without interest. Black's Law Dictionary 712 (6th ed. 1990) (citing, *Boerner v. Colwell Co.*, 21 Cal.3d 37, 145 Cal.Rptr. 380, 384, 577 P.2d 200).

Two cases cited in the parties' briefs use an almost identical definition. *Andrews University v. Merchant, (In re Merchant )*, 958 F.2d 738 (6th Cir.1992); *Alibatya v. New York University, (In re Alibatya )*, 178 B.R. 335 (Bankr.E.D.N.Y.1995). The definition set forth in these cases states that a loan is:

> [A] contract whereby, in substance one party transfers to the other a sum of money which that other agrees to repay absolutely, together with such additional sums as maybe agreed upon for its use. If such be the intent of the parties, the transaction will be considered a loan without regard to its form. *Andrews University v. Merchant*, 958 F.2d 738, 741 (citing, *In re Grand Union Co.*, 219 F. 353 (2nd Cir. 1914)). *See also, Alibatya v. New York University*, 178 B.R. 335, 339.

The key phrase which is similar in these definitions is the receipt of, or transfer of, a "sum of money". The court in *In re Alibatya*, 178 B.R. 335, interpreted the definition of loan and held that student housing charges were dischargeable because the debtor had merely entered into a lease, creating a lessor/lessee relationship, not a lender/borrower relationship. *Id.* at 339. On the other hand, *In re Merchant*, 958 F.2d 738, using the same definition, held that an extension of credit, evidenced by promissory notes, was an educational loan within the meaning of the statute. *Id.* at 740. This Court does not agree with the reasoning of *In re Merchant*, which ignored the fact that no sum of money had ever changed hands. The plain meaning of "loan" is that a sum of money must change hands. This did not occur between the plaintiff and defendant. Plaintiff provided services through an extension of credit. Congress has expressed a strong policy of excepting student obligations from discharge. However, the policy expressed by Congress cannot be used as a catchall which overlooks the specific wording of the statute, thereby sweeping all student obligations into the category of nondischargeable debts. Congress did not intend to make every student obligation nondischargeable. *See, In re Alibatya*, 178 B.R. 335, 340 (statute does not elevate every "garden variety indebtedness" that students incur to a nondischargeable debt). A line has to be drawn. The line was drawn at the word "loan". For the foregoing reasons summary judgment is granted in favor of the defendant.

103 L.Ed.2d 290 (1989) (plain language should be conclusive).

This opinion constitutes the Court's findings of fact and conclusions of law pursuant To Rule 7052 of the Federal Rules of Bankruptcy Procedure.