In re Salathia C. JOHNSON, Debtor.

Salathia C. JOHNSON, Plaintiff,

v.

VIRGINIA COMMONWEALTH UNIVERSITY, Defendant.

Bankruptcy No. 97–35149–T.
Adversary No. 97–3170–T.

United States Bankruptcy Court,
E.D. of Virginia,
Richmond Division.

May 7, 1998.

---

Andrew M. Robbins, McGlone & Porter, Richmond, VA, for Debtor.

David L. Ross, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held February 23, 1998, on debtor's and Virginia Commonwealth University's motions for summary judgment on debtor's complaint to determine the dischargeability under 11 U.S.C. § 523(a)(8) of a debt owed to VCU. At the conclusion of the hearing, the court took the matter under advisement. For the reasons stated in this opinion judgment will be entered in favor of debtor discharging the debt since it is not an "educational benefit overpayment or loan" within the meaning of § 523(a)(8).

### Findings of Fact

Debtor was enrolled as a student at Virginia Commonwealth University from spring 1992 through fall 1995. She paid all applicable tuition and fees through the spring 1995 semester. During the spring 1995 term, debtor pre-registered for classes offered during the summer term and pre-registered for the fall semester. However, debtor failed to make tuition and fee payments for the summer and fall terms. Despite her failure to pay, she was allowed to continue to take classes during these two terms. During the summer 1995 term, debtor took two classes and during the fall 1995 term, completed five classes.

Debtor's failure to pay tuition and fees for the two terms amounted to $2,496.80 owed to VCU. Of that amount, debtor incurred charges in the amount of $481.80 for tuition and fees for the summer 1995 term. She then incurred additional charges totaling $2,015.00 during the fall semester. The debt totaled $3,304.46 including interest and collection costs. Debtor filed a voluntary chapter 7 bankruptcy petition on July 24, 1997. In the schedules, she listed her debt to VCU in the amount of $3,183.50.

Debtor filed a complaint to determine that her debt to VCU does not fall within the exceptions to discharge pursuant to 11 U.S.C. § 523(a)(8) and is therefore fully dischargeable. VCU moved for summary judgment pursuant to § 523(a)(8), contending that debtor received legitimate educational benefit from VCU which renders the indebtedness non-dischargeable. Debtor then filed a cross-motion for summary judgment, asserting that the mere attending of classes without the pre-payment of tuition does not confer an "educational benefit" which is excepted from debtor's Chapter 7 discharge as a student loan.

### Discussion and Conclusions of Law

"A motion for summary judgment shall be granted when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law." *Catercorp., Inc. v. Henicheck (In re Henicheck)*, 186 B.R. 211, 214 (Bankr.E.D.Va. 1995) (citing Fed.R.Civ.P. 56(c)); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must construe all inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The burden is on the moving party to establish that no "genuine issue" exists to support judgment for the non-moving party. *Celotex Corp.*, 477 U.S. at 330, 106 S.Ct. at 2556. Here, the parties agree that there are no genuine issues of material fact in dispute. Therefore, summary judgment is appropriate based on legal conclusions.

The underlying objective of bankruptcy laws is to provide debtors with a

"fresh start", *see Alibatya v. New York Univ. (In re Alibatya),* 178 B.R. 335, 337 (Bankr. E.D.N.Y.1995), by discharging under 11 U.S.C. § 727(a) and (b) those debts arising "before the date of the order for relief." Nevertheless, Congress has chosen to exclude certain debts from discharge including certain educational loans. 11 U.S.C. section 523(a)(8) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> > (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non profit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend ... [1]

■ In examining the statutory language in its simplest terms, § 523(a)(8) identifies three categories of debts which are nondischargeable: (1) educational benefit overpayment, (2) loan, or (3) an obligation to repay funds received. *See New Mexico Inst. of Mining and Tech. v. Coole (In re Coole),* 202 B.R. 518, 519 (Bankr.D.N.M.1996). The debt must fall within one of these three categories or it is dischargeable. In order to carry out the rehabilitative policy of the code, it is well accepted that exceptions to discharge should be narrowly construed against the creditor and in favor of the debtor. *See In re Pelkowski,* 990 F.2d 737, 744 (3rd Cir.1993); *see also In re Alibatya,* 178 B.R. at 337; *Seton Hall Univ. v. Van Ess (In re Van Ess),* 186 B.R. 375, 378 (Bankr.D.N.J. 1994).

■ In the instant case, the court finds that the debt owed to VCU is not an "educational benefit overpayment," which is defined as an overpayment from a program such as the GI Bill, where students receive periodic payments but are not enrolled in school as required by such programs. *In re Coole,* 202 B.R. at 519; *see In re Alibatya,* 178 B.R. at 338. Here, debtor did not receive funds conditional upon her being in school. Rather, VCU permitted debtor to attend classes in consideration for tuition and additional fees which were not paid.

■ Nor can this debt fall into the third category, an "obligation to repay funds received," because nothing in the facts indicates that debtor received funds from VCU. Therefore, unless the debt is an educational loan pursuant to § 523(a)(8), debtor's obligations to VCU may be discharged.

It is important to note that courts are split on how to classify unpaid tuition debts. Part of the problem is that "loan" is not defined in the code. Some courts in recent decisions have chosen to adopt a broad interpretation of § 523(a)(8), looking to the intent of the parties. *See Andrews Univ. v. Merchant (In re Merchant),* 958 F.2d 738, 741 (6th Cir. 1992) (holding that promissory notes payable to university were loans and nondischargeable); *Johnson v. Missouri Baptist College (In re Johnson),* 218 B.R. 449 (8th Cir. BAP 1998), *aff'g,* 215 B.R. 750, 752 (Bankr. E.D.Mo.1997) (holding that promissory notes evidencing college's extension of credit for educational purposes qualified as a nondischargeable student loan); *Stone v. Vanderbilt Univ. (In re Stone),* 180 B.R. 499 (Bankr. M.D.Tenn.1995) (finding that promissory notes payable to university for outstanding balance on debtor's student account constituted an educational loan); *Najafi v. Cabrini*

---

**1.** The legislative history denotes that Congress designed the exclusion provision under subsection (a)(8) "to remedy an abuse by students who, immediately upon graduation, filed petition for bankruptcy and obtained a discharge of their educational loans." *Andrews Univ. v. Merchant (In re Merchant),* 958 F.2d 738, 740 (6th Cir. 1992) (citing H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 466–75 *reprinted in* 1978 U.S.C.C.A.N. 5787). Courts have focused on the twin policy considerations fundamental to this exclusion: preventing abuse of the educational loan system and bankruptcy process by undeserving debtors; and safeguarding the financial integrity of the loan system as well as those participating governmental entities and nonprofit institutions. *See In re Pelkowski,* 990 F.2d 737, 743 (3rd Cir.1993); 4 *Collier on Bankruptcy,* ¶ 523.14[1] at 523–96 (15th ed. rev.1997). Congress felt that promoting access to educational opportunities outweighed debtors' needs for a fresh start. *See In re Merchant,* 958 F.2d at 740; *Peller v. Syracuse Univ. (In re Peller),* 184 B.R. 663, 667 (Bankr.D.N.J.1994).

College (In re Najafi), 154 B.R. 185 (Bankr. E.D.Pa.1993) (recognizing difficulty in characterizing student's debt on tuition account as a "loan" or "obligation to repay funds," but concluding that tuition account was a nondischargeable student loan); *Univ. of New Hampshire v. Hill (In re Hill )*, 44 B.R. 645 (Bankr.D.Mass.1984) (holding that university's extension of credit to debtor for tuition cost until debtor received proceeds of state guaranteed student loan was a nondischargeable student loan).

In contrast, the Eighth Circuit has frequently adopted the narrow definition of loan enumerated by the Second Circuit in *In re Grand Union Co.*, 219 F. 353 (2d Cir.1914). *See U.S. Dept. of Health and Human Services v. Smith*, 807 F.2d 122, 124 (8th Cir. 1986). The Second Circuit defined "loan" as follows:

> A loan of money is a contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrows. In order to constitute a loan there must be a contract whereby, in substance, one party transfers to the other a sum of money which that other agrees to pay absolutely, together with such additional sums as may be agreed upon for its use. If such be the intent of the parties, the transaction will be considered a loan without regard to its form.

219 F. at 356.

Numerous other decisions also embrace a narrower view and require "a common sense reading of 11 U.S.C. § 523(a)(8)." *In re Van Ess*, 186 B.R. at 378. *See DePasquale v. Boston Univ. Sch. of Dentistry (In re De-Pasquale )*, 211 B.R. 439, 441 (Bankr.D.Mass. 1997) (holding that university's waiver of pre-payment of tuition did not constitute "loan" with meaning of "student loan" exception to discharge); *In re Coole*, 202 B.R. at 519 (declaring that school's extension of credit to debtor for tuition and other fees was not a "loan" thereby not subject to discharge exception for student loans); *In re Alibatya*, 178 B.R. at 340 (finding debtor's housing default was dischargeable because no funds changed hands); *Dakota Wesleyan Univ. v. Nelson (In re Nelson)*, 188 B.R. 32, 34 (D.S.D.1995) (stating that debtor may have received educational benefit from university, but university did not provide funds in form of loan to debtor); *In re Peller*, 184 B.R. at 669 (holding that no loans were involved since neither governmental unit nor nonprofit institution provided funds to debtor); *In re Van Ess*, 186 B.R. at 379 (finding that tuition bill did not constitute an extension of credit by law school nor a nondischargeable educational loan).

■ Taking into account the maxim that courts should construe exceptions to discharge in favor of the debtor, the court finds the reasoning of the cases using a narrow approach to be more persuasive in this instance. The definitions cited upon which these courts have relied indicate an advance of funds or a transfer of a "sum of money," meaning cash, or a sum of money changes hands. *In re Coole*, 202 B.R. at 519. Here, there was no cash advance or exchange of money from VCU to debtor. Instead, the claims at issue derive from a failure to pay or nonpayment of tuition and fees for two consecutive terms. Nothing in the record indicates that debtor made any arrangements to borrow money from VCU or through a student loan program, and VCU did not require debtor to sign a promissory note as was the case in *Merchant, Johnson,* and *Stone.* This court holds that nonpayment in this situation cannot be an educational loan for purposes of the discharge exception under § 523(a)(8).

■ Furthermore, the text of § 523(a)(8) requires that these educational loans come from the government or nonprofit institution through a program "funded" in whole or in part by the institution. The term "program" connotes a voluntary, established practice, complete with guidelines specifying eligibility requirements. *In re DePasquale,* 211 B.R. at 441. For a loan to be deemed an educational loan, the "sum of money" is normally derived from funds or "other resources set apart for a specific objective or activity." *In re Alibatya,* 178 B.R. at 339. Here, there was obviously no established program or disbursement of "funds" that would satisfy the language in § 523(a)(8).

Finally, because it was not incurred pursuant to an "educational loan" the outstanding tuition bill from VCU is "materially indistinguishable from the [claims of] medical doctors, hospitals and other creditors listed in debtor's schedules, who all provided goods or services and expected to be paid." *In re Van Ess*, 186 B.R. at 379. VCU is not entitled to a greater remedy than available to any other creditors who suffer nonpayment of a debt. *Id.* at 381. Therefore, the court finds that the debt owed to VCU is dischargeable and not subject to the § 523(a)(8) exclusion. By separate order, the court will enter judgment for debtor and VCU's motion for summary judgment will be denied.