### In re Lotoya McKINNIE, Debtor.

No. 08–57312.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Nov. 14, 2013.

Sheena L. Majors, Majors Law Center, PLLC, Dearborn Heights, MI, for Debtor.

## ORDER DENYING DEBTOR'S "MOTION TO REOPEN CASE, AND FOR SANCTIONS AND CONTEMPT"

THOMAS J. TUCKER, Bankruptcy Judge.

This case is before the Court on the Debtor's motion entitled "Motion to Re-Open Case, Sanctions and for Contempt" (Docket # 23, the "Motion"). The Motion seeks to reopen the case for the purpose of finding creditor Sallie Mae and its attorneys in contempt, and awarding sanctions against Sallie Mae and its attorneys, for filing a state court lawsuit against the Debtor to collect a debt. The Motion alleges, in substance, that Sallie Mae and its attorneys have violated the discharge injunction under 11 U.S.C. § 524(a)(2), by filing the lawsuit to collect a debt that Debtor says was discharged in this bankruptcy case.

On October 30, 2013, the Court entered an order entitled "Order Requiring Debtor to Supplement The 'Motion to Reopen Case, and For Sanctions and Contempt'" (the "Order") (Docket # 32, the "October 30 Order"), which stated:

no later than November 8, 2013, the Debtor must file a supplement in support of the Motion, which states whether the debt that Sallie Mae is pursuing, as described in the Motion at Paragraphs 6–9, is for one or more educational loans of the type described in 11 U.S.C. § 523(a)(8), commonly referred to as student loans.

On November 8, 2013, the Debtor filed a document entitled "Supplemental Brief to Motion to Re–Open Case, Sanctions and For Contempt" (Docket # 33).

Debtor's Supplemental Brief does not comply with the October 30 Order, because it does not state whether the alleged debt in question is for one or more educational loans.

■ The Court is unable to grant the Debtor's Motion, because the Debtor has failed to demonstrate cause or any other basis for reopening the case under 11 U.S.C. § 350(b), and has failed to allege any basis for granting any relief for the Debtor. It appears from the Debtor's Motion that the lawsuit filed by creditor Sallie Mae and its attorneys is nothing more than an effort to collect an educational loan debt. The Debtor apparently contends that this debt is covered by the discharge that she obtained in this case under 11 U.S.C. § 727(a) on November 5, 2008, but at the present time, that is not correct.

■ Educational loans are not immediately subject to being dischargeable debts covered by 11 U.S.C. § 727(a). Section § 727(b) states in relevant part that "*Except as provided in section 523 of this title*, a discharge under [§ 727](a) discharges the debtor from all debts that arose before the date of the order for relief under this chapter...." 11 U.S.C. § 727(b)(italics added). One of the exceptions to discharge in § 523, namely § 523(a)(8), concerns debts for educational loans. "Section 523(a)(8) renders student loan debts presumptively nondischargeable 'unless' a determination of undue hardship is made." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 1381 n. 13, 176 L.Ed.2d 158 (2010). Under Federal Rule of Bankruptcy Proce-

dure 7001(6), any such undue hardship finding can be made only in an adversary proceeding to determine the dischargeability of a debt. Because "[s]ection 523(a)(8) is self-activating, an educational loan can be nondischargeable without a judicial determination of nondischargeability during the bankruptcy case." *Stone v. Vanderbilt University,* 180 B.R. 499, 501 (Bankr. M.D.Tenn.1995).

During her Chapter 7 case, the Debtor did not file an adversary proceeding to determine the dischargeability of any educational loan debt.[1] As matters currently stand, therefore, the discharge granted to her under 11 U.S.C. § 727(a) in this case did *not* discharge any educational loan debt. *See Stone v. Vanderbilt University, supra.* It follows that any collection actions that have been taken to date on any such educational loan debt were *not* a violation of the discharge injunction under 11 U.S.C. § 524(a)(2). Nor is there any other basis that is apparent to the Court for this Court to grant the Debtor any relief against Sallie Mae or its attorneys. So there is presently no purpose to be served by reopening this bankruptcy case.

Accordingly,

IT IS ORDERED that the Debtor's Motion (Docket # 23) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the Debtor's right to file a new motion to reopen this bankruptcy case, if the stated purpose of reopening the case is for Debtor to file an adversary proceeding seeking to determine that one or more educational loan

---

1. Nor does Debtor's present Motion state any intention by Debtor to file such an adversary proceeding now. The Court *would* grant a motion to reopen this bankruptcy case for that purpose.

2. Although Debtor had an attorney representing her in this bankruptcy case, at least until

debts is dischargeable on the basis of undue hardship under 11 U.S.C. § 523(a)(8).[2]

the case was closed on November 9, 2008, Debtor's Motion was apparently prepared and filed by Debtor without help from her attorney. The Court encourages Debtor to seek advice from her attorney, or from any other attorney of Debtor's choosing, regarding the issues discussed in this Order.