**In re David B. HILL, Debtor.**

**UNIVERSITY OF NEW HAMPSHIRE, Plaintiff,**

v.

**David B. HILL, Defendant.**

**Bankruptcy No. 84–483–HL.
Adv. No. A84–206.**

United States Bankruptcy Court,
D. Massachusetts.

Sept. 14, 1984.

Reginald L. Marden, Andover, Mass., for debtor.

J. Christopher McGuirk, Newmarket, N.H., Richard S. Daniels, Boston, Mass., for University of New Hampshire.

### MEMORANDUM ON NON-DISCHARGEABILITY OF A DEBT

HAROLD LAVIEN, Bankruptcy Judge.

This matter was tried by the Court on August 8, 1984. Debtor/defendant having filed both a Memorandum of Law in Support of Discharge and a Supplemental Trial Memorandum, the Court makes the following findings of fact and rulings of law.

Mr. Hill, the debtor/defendant, was accepted as a freshman to the University of New Hampshire in 1980. On August 15,

1980, in anticipation of his enrollment, Mr. Hill applied for a Massachusetts Higher Education guaranteed student loan through the First Essex Bank of Lawrence, Massachusetts. On August 25, 1980, Mr. Hill appeared at the University and sought to register for classes.

It should be noted that Mr. Hill did not report for registration in what could be considered as in the ordinary course. Specifically, he previously had been recruited by the school's ice hockey coach for participation in that sport.[1] Accordingly, Mr. Hill had been instructed to report for registration on August 25, as each member of the ice hockey team had been instructed. The members met briefly before registering and were to "register as a team."

Mr. Hill, however, had difficulties registering. Specifically, while attempting to register, he was told that he could not complete registration because his tuition was unpaid. Although he was able to produce a loan application that had been initially approved by the First Essex Bank, he was told that that was insufficient.

At this point, after Mr. Hill conferred with his ice hockey coach, a Mr. Holt. Mr. Holt then spoke to the school's business manager and Mr. Hill was permitted to register as "R + 30," that is, his registration was held "open" for thirty days. After thirty days, Mr. Hill had still not paid his tuition because he still had not received his student loan. At this point, his status was "arranged." Although Mr. Hill did not have to sign anything,[2] the University was, in effect, providing Mr. Hill with short term credit pending receipt of his loan proceeds. Mr. Hill was provided with $2,500 of credit, the tuition cost for one semester.

Mr. Hill received his Massachusetts Higher Education Guaranteed student loan on December 19, 1980. Unfortunately, Mr. Hill had also received, only days earlier, a suspension from the University of New Hampshire based upon poor grades. Wanting to continue his education in any case,

Mr. Hill enrolled in Merrimack College and utilized his guaranteed student loan for Merrimack instead of the University of New Hampshire, as originally intended.

Despite the University of New Hampshire's attempts to collect on its extension of credit to Mr. Hill, it was unable to do so. Mr. Hill filed his bankruptcy on April 6, 1984. The University, timely, filed its complaint objecting to the dischargeability of a debt.

■ The University has objected to the dischargeability of the debt on two grounds—(1) that the credit extension was obtained by means of fraud, pursuant to 11 U.S.C. § 523(a)(2), and (2) that the credit extension was a student loan and non-dischargeable, pursuant to 11 U.S.C. § 523(a)(8). Five elements must be present for a debt to be declared non-dischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A):

(1) a false representation must be made by the debtor;

(2) known to be false at the time it was made;

(3) made with the intention and purpose of deceiving the creditor;

(4) which was reasonably relied upon by the creditor;

(5) which resulted in loss or damage to the creditor as a result of the false representation. *See In Re Cokkinias,* 28 B.R. 304, 306 (Bankr.D.Mass. 1983).

*See also In re Valley,* 21 B.R. 674, 679 (Bankr.D.Mass.1982); *In re Johnson,* 18 B.R. 555 (Bankr.D.Md.1982) and *In re DeRosa,* 20 B.R. 307 (Bankr.S.D.N.Y.1982). At trial, the University pointed to the fact that the initially approved loan application described the proceeds of the loan as intended for the University of New Hampshire. Because such proceeds were not used accordingly, the University argues that a false representation was made upon the University when the initially approved

---

1. Mr. Hill did not receive, nor was it alleged, that he was to receive a scholarship.

2. The University has subsequently enacted procedures requiring the student to sign appropriate papers.

application was submitted to the University at the time of the University's extension of credit. However, such an act was not shown to be a false representation, there was no proof that Mr. Hill intended the representation to be false at that time. Indeed, all indications point to Mr. Hill's original intention of turning over any loan proceeds to the University of New Hampshire. Only after Mr. Hill's failure of meeting his school's academic requirements did his intentions and plans change, and that was in December, well after the August or September extension of credit, based on the impending student loan. As noted at trial, the complaint relating to § 523(a)(2)(A) is dismissed.

■ Such is not the case as to the complaint relating to § 523(a)(8)—non-dischargeability of student loans. Section 523(a)(8) prohibits the discharge:

> for an educational loan *made*, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a *nonprofit institution of higher education* .... (emphasis added)

The University, a nonprofit institution of higher education, has, quite properly, taken the stance that the extension of credit by the University to Mr. Hill was, in fact, a loan and, therefore, falls within the exception to discharge. The debtor was well aware of the fact, and in fact acknowledged as he had to, that on registration he owed the University of New Hampshire $2,500 for tuition. Indeed, until he was put on academic suspension, it was his intention to pay the University the proceeds of his Higher Education Loan when received. He was well aware of the terms of the loan. He was being extended credit, namely, the cost of tuition, without interest, to be paid as soon as he received the proceeds of his student loan. The amount was certain. Counsel for the debtor/defendant tries to argue a distinction between credit and a loan; however, at least for this purpose, that is a distinction without a defense. The American College Dictionary (1970 Ed.) defines credit as "a sum of money due to a person"—in essence, a loan. Accordingly, I find the credit supplied by the University of New Hampshire a loan, and the debt of $2,500 is determined to be non-dischargeable within the meaning of 11 U.S.C. § 523(a)(8).

Judgment to issue for a non-dischargeable debt of $2,500.