**In re Sandra Ann CHAMBERS,
Debtor.**

**Sandra Ann Chambers, Plaintiff,**

**v.**

**Sylvia Manning, not individually, but in her capacity as Chancellor of the University of Illinois at Chicago, Defendant.**

**Bankruptcy No. 99 B 33040.
Adversary No. 01 A 00355.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Oct. 1, 2002.

**914**

Peter J. Roberts, Jon C. Vigano, D'Ancona & Pflaum, Chicago, IL, for Plaintiff.

Norman P. Jeddeloh, Barry Chatz, Miriam Stein, Arnstein & Lehr, Chicago, IL, for Defendant.

### MEMORANDUM OPINION

CAROL A. DOYLE, Bankruptcy Judge.

This adversary proceeding is before the court on Dr. Sylvia Manning's motion for summary judgment and Sandra Ann Chambers' ("debtor") cross-motion for summary judgment with respect to the

dischargeability of tuition and student expenses under 11 U.S.C. § 523(a)(8).[1] Manning contends that the debts incurred by the debtor as a student at the University of Illinois constitute a nondischargeable student loan. The debtor argues that the expenses do not qualify as a loan under § 523(a)(8) and therefore are dischargeable. For the reasons stated below, the court grants the debtor's motion for summary judgment and denies Manning's motion for summary judgment.

### I. Background

On October 25, 1999, the debtor filed a voluntary Chapter 7 petition. In her schedules, the debtor listed the University of Illinois at Chicago ("UIC") as the holder of a nonpriority unsecured claim in the amount of $1,256.30 plus interest.[2] The debt is for tuition, student fees, HMO fees, service fees and general fees incurred by the debtor under an open account while enrolled as a student in pursuit of a masters degree. On January 30, 2000, the debtor received a discharge of her debts. On February 8, 2000, her bankruptcy case was closed. However, UIC continued to place a "hold" on her transcript pending payment of her debt.

On April 12, 2001, the debtor filed her original adversary complaint against UIC seeking a hardship discharge pursuant to 11 U.S.C. § 523(a)(8). UIC filed a motion to dismiss her complaint, and the court granted that motion on December 5, 2001. However, the court granted the debtor leave to amend her original complaint, and the debtor filed a second amended complaint on May 3, 2002. In her amended complaint, the debtor alleges that the tuition and expenses sought by UIC do not

---

**1.** Manning's motion to dismiss was converted to a motion for summary judgment by court order dated June 6, 2002.

**2.** UIC is actually seeking $1,118.70 plus interest.

constitute a nondischargeable loan under § 523(a)(8).

II. *Standard for Summary Judgment*

Summary judgment shall be granted if there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). No genuine issue of material fact exists if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On cross-motions for summary judgment, each motion is considered separately. *In re Johnson Rehabilitation Nursing Home, Inc.*, 239 B.R. 168, 172 (Bankr.N.D.Ill.1999) (Schmetterer, J.) (citing *Eisenberg Bros., Inc. v. Clear Shield Nat'l, Inc. (In re Envirodyne Indus., Inc.)*, 214 B.R. 338, 345 (N.D.Ill.1997)). Thus, on their respective motions, Manning and the debtor each bear the burden of demonstrating that judgment should be entered in her favor. *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir.1998). All inferences are construed in favor of the party against whom the motion under consideration is made. *Andersen v. Chrysler Corp.*, 99 F.3d 846, 856 (7th Cir.1996). However, the mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. *Vukadinovich v. Bd. of Sch. Tr. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir.2002). The nonmovant will successfully oppose summary judgment only when it presents "definite, competent evidence to rebut the motion." *Id.* (citing *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir.2000)).

III. *Student Loan Under 11 U.S.C. § 523(a)(8)*

■ Pursuant to 11 U.S.C. § 523(a)(8), a discharge under § 727 "does not discharge an individual debtor from any debt ... for ... a loan made ... by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution." The parties agree that the issue before the court is whether the tuition and student expenses incurred by the debtor qualify as a loan under § 523(a)(8). The party seeking to establish an exception to the discharge of a debt bears the burden of proof by a preponderance of the evidence. *Roosevelt Univ. v. Oldham (In re Oldham)*, 220 B.R. 607, 609–10 (Bankr.N.D.Ill. 1998) (Squires, J.) (citing *Selfreliance Fed. Credit Union v. Harasymiw (In re Harasymiw)*, 895 F.2d 1170, 1172 (7th Cir.1990), and *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Therefore, the burden falls upon Manning to establish that the expenses incurred by the debtor qualify as a loan under § 523(a)(8).

Manning argues that the debt in question constitutes an extension of credit by UIC that is the substantive equivalent of a traditional loan. She relies on *Roosevelt University v. Oldham (In re Oldham)*, 220 B.R. 607 (Bankr.N.D.Ill.1998), in support of her argument that the credit extended the debtor is a loan. In *Oldham*, Judge Squires applied a three-pronged test used in *Andrews University v. Merchant (In re Merchant)*, 958 F.2d 738 (6th Cir.1992), in which the Sixth Circuit held that extensions of credit constitute loans under § 523(a)(8) when the following factors are satisfied: (1) the student was aware of the credit extension and acknowledges the money owed; (2) the amount owed was liquidated; and (3) the extended credit was defined as "a sum of money due to a person." *Id.* at 741 (citing *Univ. of N.H. v. Hill (In re Hill)*, 44 B.R. 645, 647 (Bankr.D.Mass.1984)). Under this definition of loan, almost any extension of credit for a specific amount of money may be

considered a loan for purposes of § 523(a)(8).

■ The majority of courts have rejected such an expansive interpretation of the term "loan," and have required that there be a prior or contemporaneous agreement between the parties to pay in the future, not a mere incurrence of a debt. *See In re Renshaw*, 222 F.3d 82, 90–91 (2nd Cir.2000) (reviewing prior case law). In *In re Renshaw*, 222 F.3d 82 (2nd Cir.2000), the leading case on this issue, the Second Circuit held that an extension of credit should be considered a loan for purposes of § 523(a)(8) where there is (1) a contract, whereby (2) one party transfers a defined quantity of money, goods or services to another, (3) the other party agrees to pay for the sum or items transferred at a later date, and (4) the contract must be reached prior to or contemporaneous with the transfer. *See id.* at 89, 90; *see also Boston Univ. v. Mehta (In re Mehta)*, 262 B.R. 35, 45 (D.N.J.2001); *Coll. of Saint Rose v. Regner*, 229 B.R. 270, 272 (N.D.N.Y.1999); *Peller v. Syracuse Univ. (In re Peller)*, 184 B.R. 663, 668 (Bankr. D.N.J.1994). This definition requires at least some agreement to repay before the transfer is made. If Congress intended that any extension of credit would qualify for the exception to discharge in § 523(a)(8), it would have used the phrase "extension of credit" instead of loan, as it did in § 523(a)(2). By using the word "loan," Congress necessarily intended a more restrictive definition than any extension of credit. While the *Renshaw* definition is very broad and looks to the substance of a transaction rather than its form, it does not include every extension of credit made by any educational institution. The court finds the *Renshaw* approach more consistent with the intent of Congress.[3]

■ Under *Renshaw*, the court must look to evidence of the parties' intent at the time of the transaction. In this case, there is no evidence of an intent by either party to enter into any sort of loan arrangement at any time. Instead, Manning acknowledges that UIC maintains an open account system, whereby a student simply attends classes and is subsequently billed for expenses accrued. There was no express agreement by UIC to extend an exact amount of credit in return for a promise by the debtor to pay that amount at a later date. Rather, the debt arose out of the debtor's failure to pay tuition and expenses on the billing due date. *See Renshaw*, 222 F.3d at 89. Therefore, Manning has not met her burden of establishing that UIC made a loan for purposes of § 523(a)(8), and the debtor has established that she is entitled to judgment as a matter of law that her debt to UIC is discharged.

For the foregoing reasons, the debtor's motion for summary judgment is granted, and Manning's motion for summary judgment is denied.

---

**3.** The court also notes that *Merchant* and *Oldham* are clearly distinguishable from this case, because in those cases, the debtor signed a promissory note at or before the time of registration. *See Merchant*, 958 F.2d at 741; *Oldham*, 220 B.R. at 609, 613.