NOT RECOMMENDED FOR PUBLICATION

File Name: 24b0002n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: DESDEMONA SANDERFER,

　　　　　　　　　　　　*Debtor.*

_____

TRINITY HIGH SCHOOL, INC.,

　　　　　　　　　　　　*Plaintiff-Appellant*,

　　　*v.*

DESDEMONA SANDERFER,

　　　　　　　　　　　　*Defendant-Appellee.*

No. 23-8023

On Appeal from the
United States Bankruptcy Court for the Northern District of Ohio at Cleveland.
Nos. 21-bk-12927; 21-ap-01068—Jessica E. Price Smith, Bankruptcy Judge.

Decided and Filed:  May 24, 2024

Before:  BAUKNIGHT, GREGG, and STOUT, Bankruptcy Appellate Panel Judges

_____

**COUNSEL**

**ON BRIEF:** Robert D. Kehoe, KEHOE & ASSOCIATES, LLC, Cleveland, Ohio, for Appellant.

_____

**OPINION**

_____

　　　JOHN T. GREGG, Bankruptcy Appellate Panel Judge.  This appeal addresses the standard for summary judgment under Rule 7056 of the Federal Rules of Bankruptcy Procedure.[1] The bankruptcy court held in a combined order regarding cross-motions for summary judgment

---

[1]The Federal Rules of Civil Procedure are set forth in Fed. R. Civ. P. 1 *et seq*. and are identified herein as "Rule __."  The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq*. and are identified herein as "Bankruptcy Rule __."

that a written agreement for an extension of credit is required for a debt to be deemed non-dischargeable under section 523(a)(8) of the Bankruptcy Code.[2]  Because the bankruptcy court's order did not sufficiently explain on the record the reasons why judgment should be entered as a matter of law, the Panel shall vacate and remand for further proceedings the decision to grant the debtor-appellee's motion for summary judgment.  Because genuine issues of material fact exist with respect to the creditor-appellant's motion for summary judgment, the Panel shall affirm the bankruptcy court's decision on other grounds.

## ISSUES ON APPEAL

Trinity raises the following issues on appeal:

1.  Whether the bankruptcy court erred as a matter of law when it granted summary judgment to the debtor-appellee and denied summary judgment to the creditor-appellant by holding that a written agreement evidencing an extension of credit is required for purposes of section 523(a)(8).

2.  Whether the bankruptcy court erred when it denied summary judgment to the creditor-appellant by failing to determine that no genuine issue of material fact exists with respect to the creditor-appellant's extension of credit to the debtor-appellee for purposes of section 523(a)(8).

## JURISDICTION

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. *See* 28 U.S.C. § 158.  The United States District Court for the Northern District of Ohio has authorized appeals to the Panel.  Gen. Order No. 1997-27 (N.D. Ohio July 9, 1997).  Neither party to this appeal elected to have it heard by the district court.  28 U.S.C. § 158(b), (c); *see* Fed. R. Bankr. P. 8005.

"A bankruptcy court order granting summary judgment is a final order for purposes of appeal. . . . 'A determination of dischargeability is [also] a final order.'"  *WLP Cap., Inc. v. Tolliver* (*In re Tolliver*), No. 20-8021, 2021 WL 6061853, at *1 (B.A.P. 6th Cir. Dec. 20, 2021) (citations omitted).  The denial of summary judgment ordinarily constitutes an interlocutory

---

[2]The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*. Specific sections of the Bankruptcy Code are identified herein as "section __."

order, not a final judgment.  *See, e.g.*, *Alkire v. Irving*, 330 F.3d 802, 809 n.5 (6th Cir. 2003).  In most instances, an appellate court lacks the jurisdiction to review a denial of summary judgment. *See, e.g.*, *Epperson v. Res. Healthcare of Am., Inc.*, 566 F. App'x 433, 435 n.1 (6th Cir. 2014).  However, where "the appeal from a denial of summary judgment is presented together with an appeal from a grant of summary judgment," the appellate court has "jurisdiction to review the appropriateness of the . . . denial."  *Id*. (quoting *Thomas v. United States*, 166 F.3d 825, 828 (6th Cir. 1999)); *Richardson v. Citimortgage, Inc.* (*In re Emerson*), 464 B.R. 61 (table), 2011 WL 4634225, at *1 (B.A.P. 6th Cir. Oct. 7, 2011).

## STANDARD OF REVIEW

"Determinations of dischargeability under 11 U.S.C. § 523 are conclusions of law reviewed *de novo*."  *Hogan v. George* (*In re George*), 485 B.R. 478 (table), 2013 WL  135274, at *1 (B.A.P. 6th Cir. Jan. 11, 2013) (citation omitted).  "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination."  *Gen. Elec. Credit Equities, Inc. v. Brice Rd. Devs., LLC* (*In re Brice Rd. Devs., LLC*), 392 B.R. 274, 278 (B.A.P. 6th Cir. 2008) (citation omitted).  "Granting summary judgment is appropriate '[w]here the moving party has carried its burden of showing that the pleadings . . . in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.'"  *Church Joint Venture, L.P. v. Blasingame* (*In re Blasingame*), 986 F.3d 633, 638 (6th Cir. 2021) (citations omitted).  "That means that, in most cases, evidence offered by the nonmovant must be accepted as true and that credibility judgments and weighing of the evidence are improper."  *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018) (citation omitted); *see also* Fed. R. Civ. P. 56(c)(4) (requirements for admissibility of affidavits and declarations); Fed. R. Bankr. P. 7056.

> The fact that the parties have filed cross-motions for summary judgment does not mean, of course, that summary judgment for one side or the other is necessarily appropriate.  When parties file cross-motions for summary judgment, the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

*In re Tolliver*, 2021 WL 6061853, at *2 (internal quotations and citation omitted).

**BACKGROUND**

On August 28, 2021, DesDemona Sanderfer, the debtor in the underlying bankruptcy case and the appellee (the "Debtor"), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  (Pet., Case No. 21-12927, ECF No. 1.)  Approximately three months later, Trinity High School, a creditor of the Debtor and the appellant ("Trinity"), filed a complaint seeking a determination that tuition owed by the Debtor to Trinity for the education of the Debtor's minor child is non-dischargeable under section 523(a)(8).  (Compl., Adv. Proc. No. 21-01068, ECF No. 1.)  Among other things, the complaint alleged that Trinity and the Debtor agreed sometime in July 2021 that the Debtor would make tuition payments of $500 per month until the debt was satisfied in full.  (*Id*. at 1.)

In her answer to the complaint, the Debtor denied that the debt she owes to Trinity is non-dischargeable under section 523(a)(8).  (Answer at 2, Adv. Proc. No. 21-01068, ECF Nos. 8, 9.)  The Debtor did, however, admit that she agreed to "a payment plan" with Trinity.  (*Id*. at 1.)

On June 21, 2022, Trinity filed a motion for summary judgment in which it contended that because no genuine issue of material fact exists, judgment should be entered in its favor as a matter of law.  (Trinity's Mot. Summ. J., Adv. Proc. No. 21-01068, ECF No. 16.)  As factual support for its motion, Trinity relied upon (i) testimony in the affidavit of Carla Fritsch (the "Fritsch Affidavit"), a financial and administrative specialist employed by Trinity, and (ii) testimony in the affidavit of Linda Bacho (the "Bacho Affidavit"), Trinity's school principal. (*Id*., Exs. A, B.)  Attached to the Fritsch Affidavit were two billing statements (also referred to as a "tuition worksheet" or a "tuition agreement" in the Fritsch Affidavit).  (*Id*., Exs. 1, 2.)

Dated July 1, 2021, the first billing statement informed the Debtor that her child's tuition for the previous school year of 2020–2021 and the upcoming school year of 2021–2022 in the aggregate amount of $8,900 was due and owing.[3]  (*Id*., Ex. 1.)  At the bottom of the same billing statement, Trinity emphasized that the Debtor's child "may not return to school until [the Debtor] pay[s] the amount due in full."  (*Id*.)

---

[3]Ms. Fritsch and Ms. Bacho both testified that although Trinity generally requires tuition to be prepaid, such requirement was not enforced during the 2020-2021 school year due to the COVID-19 health pandemic. (Trinity's Mot. Summ. J., Ex. A at 2, Ex. B at 1, Adv. Proc. No. 21-01068, ECF No. 16.)

As set forth in her affidavit, Ms. Bacho spoke with the Debtor sometime in July 2021 regarding the Debtor's inability to satisfy tuition for the past and forthcoming years. (*Id*., Ex. A at 2.) Ms. Bacho testified that as part of the conversation, she offered, on behalf of Trinity, to enter into an agreement whereby the Debtor would make payments to Trinity of $500 each month "until the balance was paid in full." (*Id*.) Ms. Bacho further testified that the Debtor "agreed to the terms of the loan agreement." (*Id*.) According to the Fritsch Affidavit, Ms. Bacho notified Ms. Fritsch sometime in July 2021 that she had spoken to the Debtor regarding a "loan agreement." (*Id*., Ex. B at 2.)

In the second billing statement, dated September 1, 2021, Trinity informed the Debtor that her outstanding amount due for tuition had been reduced by $1,500 because of additional funding she was expected to soon receive from the State of Ohio. (*Id*., Ex. 2.) That same billing statement also included the following notice to the Debtor:

> You promised to pay $500/month beginning in August. We did not receive your payment. You must contact the principal immediatley [sic] regarding this account.

(*Id*.) Ms. Bacho testified that "no further communications regarding the agreement occurred" after transmittal of the second billing statement, as Trinity had received notice of the Debtor's bankruptcy case. (*Id*., Ex. A at 3.)

The Debtor did not file a response to Trinity's motion for summary judgment. Instead, on July 5, 2022, the Debtor filed a cross-motion for summary judgment supported by her own affidavit (the "Sanderfer Affidavit"). (Debtor's Mot. Summ. J., Adv. Proc. No. 21-01068, ECF No. 21.) According to the Debtor, Trinity informed her in April 2021 that unless she made a payment, her child "would not receive her schedule for the 2021–2022 school year." (*Id*., Ex. 1 at 2.) Without referencing a date or time period, the Debtor stated in the Sanderfer Affidavit that she made a payment of $1,000 and advised Trinity that she was in the process of filing for bankruptcy. (*Id*.)

With respect to her child's tuition and any agreement related thereto, the Debtor testified that:

9. I never made any agreement to pay[.] I told Trinity I would pay what I could.
10. I never signed a worksheet promising to pay anything to Trinity High School.
11. I never entered into a loan agreement with Trinity High School.
12. I never signed a worksheet[.]

(*Id*.)

Among other things, the Debtor further stated that "[p]rior to the beginning of the school year, [she] never know[s] the exact amount of [her] debt to [Trinity]" because the Cleveland Public Schools and/or the State of Ohio contribute certain funds to her child's tuition in September of each year. (*Id*.) As such, the Debtor testified that she "was not aware of the exact debt to Trinity" until after she had filed for bankruptcy on August 28, 2021. (*Id*.)

Trinity filed a response to the Debtor's cross-motion for summary judgment advancing similar, if not the same, arguments it made in its own motion for summary judgment. (Trinity's Opp'n Br. to Debtor's Mot. Summ. J., Adv. Proc. No. 21-01068, ECF No. 33.) Relying on the Bacho Affidavit, the Fritsch Affidavit, and the billing statements attached thereto, Trinity reiterated in its response that the Debtor had agreed prior to the forthcoming school year to make payments of $500 per month until the tuition was paid in full. (*Id*. at 3–4.)[4] As legal support for its argument that the Debtor had agreed to repay an extension of credit, Trinity cited *Andrews Univ. v. Merchant* (*In re Merchant*), 958 F.2d 738 (6th Cir. 1992). (*Id*. at 3.)

The bankruptcy court held a telephonic hearing regarding the cross-motions for summary judgment on September 7, 2022. (*See* Notice of Resch. Pre-trial Conf., Adv. Proc. No. 21-01068, ECF No. 38.) At the conclusion of the hearing, both motions were taken under advisement.

---

[4]Trinity further argued that the bankruptcy court should not consider the testimony in the Sanderfer Affidavit because it was "self-serving" and "uncorroborated." (Trinity's Opp'n Br. to Debtor's Mot. Summ. J. at 7, Adv. Proc. No. 21-01068, ECF No. 33.)

Less than one month later, the bankruptcy court entered a single order denying Trinity's motion for summary judgment and granting the Debtor's motion for summary judgment. The bankruptcy court explained the legal basis for its decision as follows:

> It is undisputed that there is no signed loan agreement between the parties regarding repayment of the tuition. Therefore, [Trinity's] reliance on *In re Lebron*, Case No. 04-25665, Adversary Proceeding No. 05-1211 (Bankr. N.D. Ohio October 3, 2005) is misplaced. Debtor never signed a tuition worksheet and contrary to [Trinity's] assertion, the form of the loan does matter. *Having failed to produce any writing evidencing a loan, [Trinity's] motion for summary judgment is denied.* Debtor's motion for summary judgment is granted and the debt owed to [Trinity] is discharged as a general unsecured debt.

(Order at 3, Adv. Proc. No. 21-01068, ECF No. 40 (emphasis added).)

Trinity filed its notice of appeal on October 12, 2023. (Notice of Appeal, Adv. Proc. No. 21-01068, ECF No. 42.) In its timely filed appeal brief,[5] Trinity argues that the bankruptcy court erred when it granted the Debtor's motion for summary judgment and denied its own motion for summary judgment by holding a written agreement for an extension of credit is required for a debt to be non-dischargeable under section 523(a)(8). (Appellant Br. at 6, B.A.P. Case No. 23-8023, ECF No. 16.) Trinity further contends that, assuming a written agreement is not required as a matter of law, the bankruptcy court erred when it denied Trinity's motion for summary judgment because no genuine issue of material fact exists. (*Id*. at 5.)

## DISCUSSION

Incorporated by Bankruptcy Rule 7056, Rule 56 addresses motions for summary judgment by providing, in relevant part, that:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.

---

[5]The Debtor did not file an appeal brief.

Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record," including documents, affidavits, or declarations. Fed. R. Civ. P. 56(c)(1); Fed. R. Bankr. P. 7056.[6] With respect to cross motions for summary judgment and competing affidavits, the question is whether either party carried its burden of proving that the undisputed facts entitle it to judgment as a matter of law. *See Wood v. Wheatley* (*In re Wood*), 647 B.R. 165, 179 (B.A.P. 6th Cir. 2022) (citing Fed. R. Civ. P. 56(c)(1)). The trial court may consider only the materials cited, or it may consider, in its discretion, uncited materials that are nonetheless part of the record. Fed. R. Civ. P. 56(c)(3); Fed. R. Bankr. P. 7056.

A.      *The Debtor's Motion for Summary Judgment*

Trinity argues that the bankruptcy court failed to properly apply binding precedent from the Sixth Circuit, *In re Merchant*, 958 F.2d at 741, when it held that a written agreement is required to establish an extension of credit for purposes of section 523(a)(8). According to Trinity, the bankruptcy court should have applied the factors adopted by the Sixth Circuit without regard to the form of the agreement, thus opening the door to, for example, oral agreements or even written offers that are accepted through performance.

The starting point is Rule 56(a), which requires a trial court to "state on the record the reasons for granting or denying" a motion for summary judgment. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. While a trial court need not make formal findings of fact and conclusions of law when deciding a motion for summary judgment, it must still explain the reasons for its decision on the record. *Compare* Fed. R. Civ. P. 52(a) *with* Fed. R. Civ. P. 56(a); *see also United States v. Woods*, 885 F.2d 352, 353–54 (6th Cir. 1989) (stating that the trial court should indicate facts and rules of law supporting its decision, the absence of which may prejudice the appellate court's review such that remand is necessary).

---

[6]A party may object to the admissibility of evidentiary material cited by the other party. Fed. R. Civ. P. 56(c)(2), (4); Fed. R. Bankr. P. 7056. The bankruptcy court's order does not expressly address the admissibility of any material, including the testimony of the Debtor in the Sanderfer Affidavit. *See supra* at n.4. Moreover, neither party to this appeal provided the Panel with a copy of the hearing transcript or otherwise designated the transcript as part of the record. Fed. R. Bankr. P. 8009(a), (b). The Panel assumes that all evidentiary materials were deemed to be admissible in their entirety with respect to both motions for summary judgment based on inferences drawn from the bankruptcy court's order.

Relevant to this appeal, the United States Court of Appeals for the Sixth Circuit has previously instructed that an extension of credit constitutes a loan for purposes of section 523(a)(8) when the following factors are satisfied:

> (1) the student was aware of the credit extension and acknowledges the money owed; (2) the amount owed was liquidated; and (3) the extended credit was defined as "a sum of money due to a person."

*In re Merchant*, 958 F.2d at 741 (citing *Univ. of N.H. v. Hill* (*In re Hill*), 44 B.R. 645, 647 (Bankr. D. Mass. 1984)).[7]  The Sixth Circuit strongly intimated that a transaction will be considered a loan "without regard to its form," so long as the intent of the parties reflects the creation of an agreement.  *Id.* (citations omitted).  Concluding that the credit extensions at issue were non-dischargeable under section 523(a)(8), the Sixth Circuit in *In re Merchant* never distinguished a written agreement from an oral agreement as a matter of law, perhaps intentionally so.[8]

Here, the bankruptcy court entered an order with limited explanation as to why the Debtor was entitled to summary judgment as a matter of law.  Notwithstanding *In re Merchant*, the bankruptcy court lightly reasoned that "the form of the loan does matter."  (Order at 3, Adv. Proc. No. 21-01068, ECF No. 40.)  The bankruptcy court thus summarily determined that the Debtor was entitled to judgment because Trinity "failed to produce any writing evidencing a loan."  (*Id.*)

Without mentioning the Sixth Circuit's decision in *In re Merchant* or the factors set forth therein, the bankruptcy court briefly attempted to distinguish the adversary proceeding before it from *Lebron v. Trinity High Sch.* (*In re Lebron*), Case No. 04-25665 (Bankr. N.D. Ohio Oct. 3, 2005).  In *In re Lebron*, a decision with undisputed facts including the existence of a signed loan agreement, the court thoroughly applied the test adopted by the Sixth Circuit in *In re Merchant*, ultimately determining that the debt was non-dischargeable under section 523(a)(8).

---

[7]Congress amended section 523(a)(8) while *In re Merchant* was pending on appeal and several times thereafter.  Neither party contends that those amendments disrupted the factors set forth in *In re Merchant* or otherwise affected its holding.

[8]Nor, for that matter, did the court make such a distinction in *In re Hill*, 44 B.R. at 647, a decision that the Sixth Circuit found persuasive in *In re Merchant*.  *See* 958 F.2d at 741.

In its three-page order, the bankruptcy court seems to have concluded that the existence of a signed written agreement was critical to the outcome in *In re Lebron*. However, a close review of *In re Lebron*, and more importantly *In re Merchant*, reveals that both decisions carefully refer only to the creation of an agreement with the requisite intent. Neither decision expressly holds that the existence of a written agreement, let alone a signed written agreement, is necessary. Instead, the bankruptcy court seems to have engrafted a threshold legal inquiry onto the multi-part test adopted by the Sixth Circuit in *In re Merchant*.

Without more in the bankruptcy court's order, the Panel is unable to discern the reasons why the bankruptcy court held that a written agreement, as opposed to an agreement evidencing the parties' intent, is required as a matter of law.[9] The bankruptcy court may have had its reasons, but they are not apparent from the record. As such, the bankruptcy court failed to comply with the last sentence of Rule 56(a), thereby precluding the Panel from conducting a meaningful review on appeal. *See Woods*, 885 F.2d at 353–54. The Panel shall therefore vacate the decision to grant summary judgment to the Debtor and remand the matter to the bankruptcy court for further proceedings.

**B.        *Trinity's Motion for Summary Judgment***

The bankruptcy court denied Trinity's motion for summary judgment as a matter of law for the same reasons it granted the Debtor's motion for summary judgment—the lack of a written agreement, and maybe even the lack of a signed written agreement. Trinity also asks the Panel to determine as part of this appeal that no genuine issue of material fact exists with respect to Trinity's motion for summary judgment. We decline to do so. Applying a *de novo* standard of review, the Panel instead concludes that, regardless of the form of the agreement, genuine issues of material fact exist that preclude entry of summary judgment in favor of Trinity.

Through the Bacho Affidavit, the Fritsch Affidavit, and the billing statements attached thereto, Trinity introduced evidence that, standing alone, might satisfy many if not all of the factors in *In re Merchant*. Trinity's evidentiary materials arguably demonstrate that the Debtor

---

[9]The bankruptcy court also never addressed in its order Trinity's argument that the Debtor accepted Trinity's written offer through performance when she made payments in the aggregate amount of $1,000. (Trinity's Opp'n Br. to Debtor's Mot. Summ. J. at 6, Adv. Proc. No. 21-01068, ECF No. 33.) The Panel leaves this argument for the bankruptcy court on remand.

was both aware of the credit extension and acknowledged that she would pay Trinity the amount of $500 per month until the outstanding balance was satisfied in full. Trinity further set forth facts that could be construed as demonstrating a liquidated amount, subject only to adjustment by any funds received from the Cleveland Public Schools/State of Ohio. Finally, Trinity's two affidavits and the accompanying billing statements support its argument that the credit extended was for a sum of money.

The Debtor, however, presented a much different version of the facts in the Sanderfer Affidavit. The Debtor testified that she never agreed in writing to make tuition payments to Trinity. Moreover, the Debtor denied that she entered into any agreement whatsoever. According to the Debtor, she did not acknowledge the alleged extension of credit or agree that she would make payments of $500 per month until the outstanding tuition was paid in full. Instead, the Debtor asserts that she informed Trinity she would only "pay what [she] could." (Debtor's Mot. Summ. J., Ex. 1 at 2, Adv. Proc. No. 21-01068, ECF No. 21-2; *but see* Answer at 1, Adv. Proc. No. 21-01068, ECF Nos. 8, 9.) Finally, the Debtor testified that she was never aware of the exact amount of tuition that she owed to Trinity until after she had filed for bankruptcy. The Sanderfer Affidavit therefore refuted, at least for purposes of Trinity's motion for summary judgment, that the Debtor and Trinity entered into an agreement for the repayment of an extension of credit.

Attempting to negate the Sanderfer Affidavit, Trinity argued in its response to the Debtor's motion for summary judgment that the Debtor's testimony was "self-serving" and "uncorroborated," rendering it of little or no value. (Trinity's Opp'n Br. to Debtor's Mot. Summ. J. at 7, Adv. Proc. No. 21-01068, ECF No. 33.)[10] On appeal, Trinity again raises the issue, this time in connection with its own motion for summary judgment. In its appeal brief, Trinity contends that the bankruptcy court should have discounted or even disregarded the Debtor's testimony in the Sanderfer Affidavit because it was "uncorroborated" and full of "unsupported contradictions." (Appellant Br. at 13, 16, B.A.P. Case No. 23-8023, ECF No. 16.) As such,

---

[10]In support of its admissibility arguments, Trinity cited to numerous decisions, all of which were from the Ohio state courts. (Trinity's Opp'n Br. to Debtor's Mot. Summ. J. at 7, Adv. Proc. No. 21-01068, ECF No. 33 (citations omitted).) None of those decisions addressed the admissibility of testimony for purposes of a motion for summary judgment under Rule 56.

Trinity maintains that its evidentiary materials were not subject to dispute, meaning its motion for summary judgment should have been granted.  We disagree.

An affidavit is admissible for purposes of a motion for summary judgment so long as it is "based on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4); Fed. R. Bankr. P. 7056.  It does not matter if the testimony in the affidavit is self-serving or uncorroborated.  Absent exceptional circumstances, self-serving and uncorroborated testimony should be considered by a trial court for purposes of summary judgment.  *See, e.g.*, *Lamb v. Kendrick*, 52 F.4th 286, 296 (6th Cir. 2022) (citations omitted).

Here, nothing in the record leads to the conclusion that the Debtor's testimony in her affidavit was, for example, demonstrably false, in some way totally implausible, or otherwise patently contradictory.  *See Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020).  Rather, Trinity and the Debtor simply introduced competing evidentiary materials, all of which were inferentially deemed admissible by the bankruptcy court.  Moreover, it would have been improper for the bankruptcy court to weigh the evidence or assess the Debtor's credibility in the context of a motion for summary judgment.  *Hostettler*, 895 F.3d at 852.  The Panel therefore finds that the bankruptcy court committed no error when it considered under Rule 56(c)(3) and (4) the Debtor's testimony in connection with Trinity's motion for summary judgment.[11]

Contrary to Trinity's arguments in its appeal brief, genuine issues of material fact clearly exist with respect to the factors set forth by the Sixth Circuit in *In re Merchant*.  This is so regardless of the form of the alleged agreement.  Because the Debtor was the non-moving party, the material facts in dispute must be construed in her favor, resulting in the denial of Trinity's motion for summary judgment.  *See In re Blasingame*, 986 F.3d at 638.  The Panel shall therefore affirm on different grounds the bankruptcy court's decision to deny Trinity's motion for summary judgment.

---

[11]The bankruptcy court may have addressed admissibility issues during the hearing on the cross-motions for summary judgment.  However, Trinity declined to provide the Panel with a copy of the hearing transcript.  *See supra* at n.6.

**CONCLUSION**

Because the bankruptcy court failed to sufficiently explain its legal reasoning on the record, the bankruptcy court's decision to grant summary judgment to the Debtor is VACATED and the matter is REMANDED for further proceedings.[12]  Because genuine issues of material fact exist, the bankruptcy court's decision to deny summary judgment to Trinity is AFFIRMED, albeit on different grounds.

---

[12]The Panel expresses no opinion as to the procedural posture upon remand, including with respect to discovery, renewed dispositive motions, trial scheduling, or otherwise.